LAW OFFICES OF CHRISTIAN J. GARRIS
CHRISTIAN J. GARRIS  SBN 175808
633 West Fifth Street, 28th Floor
Los Angeles, California 90071
Telephone: (213) 624-2900
Facsimile: (213) 624-2901
Email: cjg@christiangarris.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH CRUZ, an individual,<br><br>          Plaintiff,<br><br>    vs.<br><br>METROPOLITAN LIFE INSURANCE COMPANY and DOES 1-10, inclusive,<br><br>          Defendants. | Case No. CV18-00226<br><br>**COMPLAINT FOR:**<br><br>**BREACH OF PLAN (RECOVERY OF PLAN BENEFITS)** |

  1.    Plaintiff JOSEPH CRUZ ("Plaintiff") complains and alleges:

## INTRODUCTORY ALLEGATIONS

  2.    This Court's jurisdiction is invoked pursuant to 29 U.S.C. § 1132(e). Plaintiff's claims arise under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq.  Alternatively, Plaintiff's claims arise in part under ERISA and in part under state law claims falling within the pendent or supplemental jurisdiction of this Court, deriving from a common nucleus of operative facts.

  3.    Venue is properly within the Central District of California pursuant to

29 U.S.C. § 1132(e)(2), because the acts complained of have occurred within this District, because Defendant resides in or may be found within this district, and because the ends of justice so require.

4. This action seeks damages for the denial of disability benefits under a group disability policy ("the Plan") established by Plaintiff's employer, The Kroger Company ("Kroger"), and funded and administered by Defendant Metropolitan Life Insurance Company ("MetLife").

5. Plaintiff seeks benefits, attorneys' fees and costs, and other appropriate relief for the improper, erroneous and illegal denial of disability benefits owed to Plaintiff, a participant and beneficiary of the Plan.

## THE PARTIES AND THEIR RELATIONSHIPS

6. Plaintiff is, and at all times herein mentioned was, a resident and citizen of the State of California, County of Riverside. At all relevant times, Plaintiff was a participant and beneficiary of the Plan.

7. At all relevant times, the Plan was a group benefit plan that provided Plaintiff with protection against the risk of disability. Plaintiff was an employee of Kroger and was enrolled at all relevant times in the Plan.

8. The Plan that is the subject of this action is and was an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1) sponsored by and established by Kroger for the purpose of providing peace of mind and security to its participants in the event that, among other things, a participant or beneficiary of the Plan should suffer disability.

9. Metropolitan Life Insurance Company is an insurance company authorized and licensed to conduct, and is indeed conducting, the business of insurance in the State of California. Plaintiff is informed and believes, and thereon alleges, that MetLife is a corporation domiciled in the State of New York.

law offices of christian j. garris
633 west fifth street, 28th floor
los angeles, california 90071
tel 213.624.2900
fax 213.624.2901

## FIRST CAUSE OF ACTION

## FOR BREACH OF PLAN AND RECOVERY OF PLAN BENEFITS

### (Against All Defendants)

10. The allegations contained in all previous paragraphs are incorporated herein by reference as though set forth in full.

11. The disability Plan established by Kroger was funded and administered by MetLife, Plan Number 504.

12. Plaintiff paid all premiums due for the disability coverage under the Plan.

13. The Plan provides both short-term disability ("STD") and long-term disability ("LTD") benefits.

14. The elimination period under the Plan when no benefits are payable at the onset of disability is seven days.

15. Plaintiff is informed and believes and thereon alleges that the STD benefits after the elimination period are 100% of pre-disability income for the first 90 days and 80% of pre-disability income for the next 90 days.

16. The maximum STD period is 180 days.

17. Plaintiff is informed and believes and thereon alleges that the LTD benefits are due after 180 days of disability.

18. Plaintiff is informed and believes and thereon alleges that the LTD benefits are 65% of pre-disability income.

19. LTD benefits are payable until age 65.

20. Plaintiff worked as a network analyst at Kroger. His job requires a great deal of mental acuity.

21. In or about February 2017, Plaintiff was diagnosed with prostate cancer.

22. Plaintiff underwent chemotherapy. Due to the effects of the chemotherapy, on or about February 9, 2017, Plaintiff was advised by his

physician, Kenneth Tokita, M.D., to stop working.

23. On or about March 6, 2017, Dr. Takita again certified that Plaintiff was disabled.

24. On or about March 28, 2017, Defendant denied Plaintiff's claim.

25. Plaintiff timely appealed the denied to Defendants.

26. On or about May 4, 2017, Dr. Takita again certified that Plaintiff was disabled.

27. On or about May 16, 2017, Bridget Briggs, M.D., certified that Plaintiff was disabled due to "severe fatigue" and other conditions caused by the chemotherapy.

28. On or about July 7, 2017, Defendants rejected Plaintiff's appeal.

29. On or about August 23, 2017, Defendants rejected Plaintiff's appeal.

30. The Plan required payment of benefits within the jurisdiction of the above-entitled Court for a total amount to be shown at the time of trial.

31. The Plan was entered into within the jurisdiction of the above-entitled Court.

32. Plaintiff has pursued and exhausted all administrative appeals, which the Plan and Defendants denied.

33. Defendants have paid no STD or LTD benefits to Plaintiff.

34. As a direct and proximate result of Defendant's refusal to honor the terms of the Plan, Plaintiff has suffered contractual damages under the and other incidental damages and out-of-pocket expenses, including attorney fees and costs, all in a sum to be determined at the time of trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. For benefits payable under the Plan to reimburse Plaintiff, a beneficiary and participant of the Plan, less amounts previously paid, plus interest;

2. For reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(1);

3. For pre-judgment interest at the appropriate rate; and

4. For such other relief as the court deems appropriate.

Dated: January 31, 2018        LAW OFFICES OF CHRISTIAN J. GARRIS

By:_____
Christian J. Garris, Esq.

Attorneys for Plaintiff